UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALBINA SARKISOVA,

                Plaintiff,

v.

LOREN K. MILLER,

                Defendant.

**MEMORANDUM & ORDER**
25-CV-00235 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Albina Sarkisova, a Russian national, challenges the denial of her Form I-140, "Immigrant Petition for Alien Workers," and her related Form I-290B, "Notice of Appeal or Motion," by Defendant Loren K. Miller, Director of the Nebraska Service Center, United States Citizenship and Immigration Services. *See* ECF No. 1 (Complaint; "Compl.").[1] Before the Court are Defendant's motion to dismiss for lack of subject matter jurisdiction, or alternatively, motion for summary judgment, and Plaintiff's cross-motion for summary judgment. *See* ECF No. 15 (Defendant's Motion); ECF No. 17 (Plaintiff's Motion). For the reasons that follow, Defendant's motion is GRANTED, Plaintiff's motion is DENIED, and the case is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

### I. Statutory and Regulatory Framework

The Court begins with a brief overview of the statutory and regulatory framework.

---

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF"), except when citing to the Certified Administrative Record, where the Court uses the page numbers on the native document.

### A. Immigration and Nationality Act

The Immigration and Nationality Act ("INA") charges the Secretary of the Department of Homeland Security, of which the United States Citizenship and Immigration Services ("USCIS") is a component agency, with the administration and enforcement of the immigration laws. *See* 8 U.S.C. § 1103(a)(1); 8 C.F.R. § 2.1. That authority includes the allotment of employment-based visas, for which the INA sets out certain preferred categories. *See* 8 U.S.C. § 1153(b). One such category, known as "EB-2," includes:

> qualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States, and whose services in the sciences, arts, professions, or business are sought by an employer in the United States.

*Id.* § 1153(b)(2)(A).

Ordinarily, noncitizens seeking an EB-2 visa, or their United States employers, must file a Form I-140 attaching documentation demonstrating that, at the time of filing: (1) the noncitizens "are members of the professions holding advanced degrees or their equivalent" *or* they have "exceptional ability"; *and* (2) their "services . . . are sought by an employer in the United States," meaning they have an offer of employment in hand from a U.S. employer and a corresponding labor certification from the Department of Labor. *Id.* §§ 1153(b)(2)(A), 1182(a)(5)(A); 8 C.F.R. §§ 103.2(b)(1), 204.5(k). However, under the so-called National Interest Waiver ("NIW"), Congress authorized the Attorney General, and by extension USCIS, to waive the job offer requirement, and thus the labor certification, where the Attorney General deems such waiver "to be in the national interest." 8 U.S.C. § 1153(b)(2)(B)(i).[2] If an

---
[2] Although the statute refers to the "Attorney General," Congress "transferred most immigration enforcement and administrative functions to the Secretary of Homeland Security" in

applicant's Form I-140 is denied, the applicant may file a motion for USCIS to reopen or reconsider that decision by filing a Form I-290B.  *See* 8 C.F.R. §§ 103.5(a)(1)(i), (iii).

The INA also includes a jurisdiction-stripping provision.  That is, the statute generally bars judicial review of "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii).

### B. Administrative Procedure Act

Relatedly, the Administrative Procedure Act ("APA") "authorizes judicial review of final agency action unless '(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.'"  *Ji Lin v. Mayorkas*, 537 F. Supp. 3d 408, 412 (E.D.N.Y. 2021) (citing 5 U.S.C. §§ 701(a), 702, 704).

Where neither of those exceptions applies, and an agency decision is subject to judicial review, the APA mandates that a reviewing court "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  Agency action is arbitrary and capricious only if:

> The agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

---

the Homeland Security Act of 2002.  *J.M.P. v. Arteta*, No. 25-cv-4987, 2025 WL 2984913, at *10 n.17 (S.D.N.Y. Oct. 23, 2025).  The Secretary, in turn, delegated such authority to USCIS, among other agencies.  *See* 8 C.F.R. § 100.1.  Thus, this decision refers to the Attorney General, the Secretary and the Department of Homeland Security, and USCIS interchangeably.

3

*Verizon Commc'ns Inc. v. Fed. Commc'ns Comm'n*, 156 F.4th 86, 98 (2d Cir. 2025). While "[t]he scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency," the Court must assure itself that the agency "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "If there is sufficient evidence in the record to provide rational support for the choice made by the agency," the Court must uphold the agency decision. *Const. Pipeline Co., LLC v. New York State Dep't of Env't Conservation*, 868 F.3d 87, 102 (2d Cir. 2017).

## II. Factual and Procedural Background[3]

With that analytical framework in mind, the Court turns to the facts and procedural history of this case.

### A. Form I-140

Plaintiff, a Russian citizen and founder of a marketing firm, filed an application with USCIS for an EB-2 visa, including a Form I-140 and supporting documentation, on August 11, 2023. Compl. ¶¶ 3, 4. Based on her marketing experience and education, Plaintiff sought classification as "a member of the professions holding an advanced degree" or, in the alternative, as an immigrant with "exceptional ability." ECF No. 14-3 at 0317 (Certified Administrative Record; together with ECF Nos. 14-1, 14-2, and 14-4, "CAR"); *see* 8 U.S.C. § 1153(b)(2)(A).

---

[3]  The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

Plaintiff, who is self-employed and therefore has no job offer, also sought a waiver in the national interest of the job offer requirement. CAR at 0317; *see* 8 U.S.C. § 1153(b)(2)(B)(i).

On August 22, 2023, USCIS issued a Request for Evidence ("RFE") in connection with Plaintiff's application. Compl. ¶ 5; CAR at 0301–08. USCIS agreed that Plaintiff is "a professional holding an advanced degree" but requested additional evidence supporting Plaintiff's eligibility for a NIW. Compl. ¶ 5; CAR at 0302–07. USCIS noted its discretion to approve a NIW if a petitioner shows, by a preponderance of the evidence, that: (1) the petitioner's proposed endeavor has both substantial merit and national importance; (2) the petitioner is well positioned to advance the proposed endeavor; and (3) on balance, it would be beneficial to the United States to waive the job offer requirement and thus a labor certification. CAR at 0302. This framework for adjudicating NIW petitions is set forth in *Matter of Dhanasar*, 26 I. & N. Dec. 884, 889 (2016), which explains that the approval of the NIW is "purely discretionary," *id.* at 889 n.9.

Applying *Dhanasar* in its RFE, USCIS reasoned that: (1) the evidence was sufficient to show that Plaintiff's endeavor of working as the Chief Executive Officer of her marketing firm has substantial merit, but the evidence was insufficient to show that such endeavor has national importance; (2) the evidence was sufficient to show that Plaintiff has the education, skills, and knowledge to advance her endeavor, but the evidence was insufficient to show that Plaintiff has a record of success and a business plan; and (3) because of the insufficiency of the evidence with respect to the first two prongs, USCIS could not properly determine if a waiver of the job offer requirement would be in the national interest. CAR at 0303–07. Throughout its RFE, USCIS provided specific examples of the types of supplemental evidence that would facilitate its determination of whether a waiver is appropriate. *See id.*

5

Plaintiff responded to the RFE with additional documentation on November 16, 2023. Compl. ¶ 6; CAR 0158–0300. But on November 28, 2023, USCIS issued a decision denying Plaintiff's petition. Compl. ¶ 7; CAR at 0143–48. USCIS concluded that Plaintiff still failed to demonstrate that her proposed endeavor is of national importance and that it would be beneficial to the U.S. to waive the job offer requirement. CAR at 0145. For example, USCIS explained that although Plaintiff filed a business plan in response to the RFE, and the business plan indicated that the firm "seeks to reduce bankruptcy rates and generate employment opportunities," including hiring "10% of its personnel from economically depressed areas," Plaintiff submitted no documentary evidence supporting those statements. CAR at 0146. Thus, USCIS found that Plaintiff is ineligible for a NIW and denied her application. *Id.* at 0147–48.

B.  *Form I-290B*

On December 30, 2023, Plaintiff mailed USCIS a Form I-290B requesting that USCIS reopen or reconsider its decision, which arrived on January 2, 2024, and which USCIS dismissed as untimely on January 17, 2024. Compl. ¶¶ 8, 9; CAR at 0064–65. After Plaintiff filed a subsequent Form I-290B, USCIS acknowledged that Plaintiff's original Form I-290B was "incorrectly dismissed as untimely." Compl. ¶ 10; CAR at 0001, 0005–09. USCIS considered the documents Plaintiff appended to her Form I-290B, including a letter further discussing her eligibility for a NIW and an updated business plan, which featured a study showing the potential national impact of Plaintiff's business (the "National Impact Study"), *see* CAR at 0072–106, but USCIS was not persuaded to reopen or reconsider its denial of Plaintiff's Form I-140, *see* CAR at 0002. USCIS reasoned that the updated business plan was dated *after* Plaintiff filed the petition and the petition was denied, and in any event, the evidence Plaintiff put forth in her Form I-290B was not so significant "that it would likely change the result in the case." *Id.*

Finally, USCIS noted that Plaintiff pointed to no "incorrect application of law or USCIS policy" in its original decision. *Id.* Therefore, on March 4, 2024, USCIS dismissed Plaintiff's Form I-290B and upheld its denial of her Form I-140. *Id.*

### C. The Instant Action

This suit followed. On January 14, 2025, Plaintiff filed a complaint seeking to hold unlawful and set aside the denial of her Forms I-140 and I-290B as "arbitrary and capricious" decisions "not supported by fact or law" pursuant to the APA. Compl. ¶¶ 2–3, 11. On August 11, 2025, Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction, or alternatively, a motion for summary judgment, and on September 17, 2025, Plaintiff filed a cross-motion for summary judgment. The motions were fully briefed on October 1, 2025, and they are now ripe for the Court's resolution.

## LEGAL STANDARD

### I. Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). In considering a Rule 12(b)(1) motion, the court "must accept as true all material factual allegations in the complaint." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). However, "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003). Rather, "[t]he party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists." *Branch of Citibank,*

*N.A. v. De Nevares*, 74 F.4th 8, 15 (2d Cir. 2023). To resolve a jurisdictional issue, the court may refer to "affidavits and other materials beyond the pleadings." *J.S.*, 386 F.3d at 110.

II. **Summary Judgment**

Summary judgment is generally appropriate to resolve a challenge to agency action under the APA, "but the usual summary judgment standard under Federal Rule of Civil Procedure 56 does not apply." *Saleh v. Blinken*, 596 F. Supp. 3d 405, 413 (E.D.N.Y. 2022), *aff'd*, No. 22-1168, 2023 WL 5091819 (2d Cir. Aug. 9, 2023). Rather, "the court decides the legal issue of whether the agency's action was arbitrary and capricious" within the meaning of the APA "by reviewing the administrative record compiled by that agency when it made the decision." *Id.* In other words, the district court functions as an "appellate tribunal" resolving a question of law. *Id.*

## **DISCUSSION**

The Court's analysis begins and ends with the threshold question: does the Court have subject matter jurisdiction to review the denial of Plaintiff's petitions? The Court concludes that it does not and dismisses this case on that basis.

    A.    *The INA's Jurisdictional Bar Precludes Judicial Review of the Denial of Plaintiff's NIW Application*

Although the Second Circuit has not yet determined whether the INA's jurisdiction-stripping provision insulates NIW decisions from judicial review, several other Circuits have. *See, e.g.*, *Flores v. Garland*, 72 F.4th 85, 87, 90 (5th Cir. 2023) (concluding that the INA's "jurisdictional bar applies to national-interest waiver denials," which are "expressly and specifically vest[ed]" in the "discretion of the Attorney General"); *Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1193 (11th Cir. 2022) (holding that "§ 1153(b)(2)(B)(i) specifies that a national interest waiver is within the discretion of the Attorney General," and thus,

8

"§ 1252(a)(2)(B)(ii) precludes judicial review of that decision"); *Mousavi v. United States Citizenship & Immigr. Servs.*, 828 F. App'x 130, 133 (3d Cir. 2020) (finding nothing in the INA that "limits the Attorney General's discretion" to deny a NIW and concluding that the court therefore "lack[ed] jurisdiction to review" that decision); *Poursina v. United States Citizenship & Immigr. Servs.*, 936 F.3d 868, 872 (9th Cir. 2019) (holding that "§ 1252(a)(2)(B)(ii) bars review of decisions under § 1153(b)(2)(B)(i)" because the "plain language" of the latter provision "specifies that the authority to grant (or to deny) a national-interest waiver is in the discretion of the Attorney General"); *Zhu v. Gonzales*, 411 F.3d 292, 295 (D.C. Cir. 2005) (concluding that the Attorney General has "complete discretion" under the NIW provision and therefore that provision "comes within the reach" of the INA's jurisdictional bar); *cf. Viana Guedes v. Mayorkas*, 123 F.4th 68, 72 (1st Cir. 2024) (concluding that § 1153(b)(2)(B)(i) "vests the Attorney General with broad discretion," meaning "an NIW revocation is unreviewable").

Although I am not bound by these decisions, I am persuaded by their reasoning. Recall that § 1252(a)(2)(B)(ii) generally precludes judicial review of "any . . . decision or action of the Attorney General or the Secretary of Homeland Security *the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security*." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). The relevant inquiry, then, is not whether the NIW determination requires an exercise of discretion (it does). *Nethagani v. Mukasey*, 532 F.3d 150, 154–55 (2d Cir. 2008). Instead, the crux is "whether the text of the subchapter" itself "'specifie[s]' that the 'decision' is 'in the discretion of the Attorney General.'" *Id.* (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)) (concluding that "neither [8 U.S.C.] § 1158(b)(2)(A) nor § 1231(b)(3)(B) expressly places the [relevant] determination within the discretion of the Attorney General"); *Ozturk v. Hyde*, 136 F.4th 382, 395–96 (2d Cir. 2025) (holding that 8 U.S.C.

9

§ 1231(g)(1), which states that "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal," at most implies that USCIS has the discretion to transfer detainees, rather than explicitly "specif[ying]" it).

Here, the relevant provision affords USCIS not one, but two, layers of discretion. First, it permits USCIS to consider whether it "deems" a waiver "to be in the national interest." 8 U.S.C. § 1153(b)(2)(B)(i). Second, should USCIS deem a waiver to be in the national interest, it provides that USCIS "may," not must, grant the waiver. *Id.* The words "deem" and "may" "specif[y]" that the decision on a NIW application falls squarely within "the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii); *see Biden v. Texas*, 597 U.S. 785, 802 (2022) ("This Court has repeatedly observed that the word 'may' *clearly* connotes discretion.") (emphasis in original); *Bouarfa v. Mayorkas*, 604 U.S. 6, 13 (2024) (holding that 8 U.S.C. § 1155, which provides that "[t]he Secretary of Homeland Security *may*, at any time, for what he *deems* to be good and sufficient cause, revoke the approval of any [visa] petition," "is a quintessential grant of discretion to the Secretary") (emphasis added); *Webster v. Doe*, 486 U.S. 592, 600 (1988) (noting that use of the word "deem" in statutory text "fairly exudes deference to the [agency], and appears to us to foreclose the application of any meaningful judicial standard of review"); *cf. Ozturk*, 136 F.4th at 395 ("Far from specifying discretion, [8 U.S.C.] § 1231(g) uses the obligatory 'shall' rather than a permissive 'may.'").[4]

---

[4] The use of the word "may" in § 1153(b)(2)(B)(i) is especially telling because its neighboring provision provides that under certain circumstances, "[t]he Attorney General *shall* grant a national interest waiver." 8 U.S.C. § 1153(b)(2)(B)(ii)(I) (emphasis added); *see Brasil*, 28 F.4th at 1193 (reasoning the same).

10

Because the INA vests the NIW decision in the discretion of USCIS by statutory command, I find that the denial of Plaintiff's NIW application is unreviewable under § 1252(a)(2)(B)(ii).

### B. *Plaintiff Fails to Circumvent the INA's Jurisdictional Bar*

Plaintiff assures the Court that she is not extending "an invitation to second-guess a discretionary judgment call." ECF No. 18 at 8. Rather, she styles her claims as "classic, reviewable claims" that USCIS: "(1) failed to follow controlling legal standards . . . (2) excluded and/or ignored material evidence, and (3) failed to explain its conclusions." *Id.* In other words, Plaintiff purports to challenge reviewable procedural defects, rather than unreviewable substantive defects requiring the Court to improperly invade the province of USCIS. *See Mantena v. Johnson*, 809 F.3d 721, 728–29 (2d Cir. 2015) ("Although the statute strips jurisdiction over a substantive discretionary decision, [S]ection 1252 does not strip jurisdiction over procedural challenges," such as "challenges [to] the sufficiency of notice . . . explicitly required by regulation."). Under scrutiny, however, Plaintiff's contentions are revealed for what they truly are: unreviewable challenges to the merits of the agency's decision dressed up as procedural claims.

### i. Plaintiff's Argument that USCIS Misapplied *Dhanasar*

First, Plaintiff asserts that USCIS misapplied the standard set forth in *Dhanasar* by failing to conduct a "holistic balancing" test and by improperly "fram[ing] Plaintiff's endeavor as a 'local marketing service'" rather than looking at "broader implications." ECF No. 18 at 3, 9–12.

But *Dhanasar* does not "set[] a 'binding legal standard' that 'contains no discretion.'" *Flores*, 72 F.4th at 92. Nor is it akin to a "mandatory notice requirement[]" or similar procedural

safeguard. *Nouritajer v. Jaddou*, 18 F.4th 85, 89 (2d Cir. 2021). Instead, *Dhanasar* sets out a three-part test that a petitioner must satisfy for USCIS to exercise its "pure[] discretion[]" to grant a waiver: (1) the petitioner's proposed endeavor must have both substantial merit and national importance; (2) the petitioner must be well positioned to advance the proposed endeavor; and (3) on balance, a waiver of the job offer requirement must be beneficial to the United States. 26 I. & N. Dec. at 889, 889 n.9. "Thus, *Dhanasar* limits USCIS's discretion to approve waivers because a waiver can only be approved if the petitioner meets her evidentiary burden," but "*Dhanasar* has no effect . . . on USCIS's discretion to *deny* waivers." *Flores*, 72 F.4th at 93 (emphasis added). And in any event, "agency law limiting the agency's statutorily authorized discretion cannot lift the § 1252(a)(2)(B)(ii) bar." *Id.*; *cf. Bouarfa*, 604 U.S. at 17 ("Congress did not make the availability of judicial review dependent on agency practice. Rather, § 1252(a)(2)(B)(ii) bars judicial review of decisions 'made discretionary by *legislation*.'") (emphasis in original).

Therefore, Plaintiff's critique of USCIS's application of *Dhanasar* does not give the Court license to wade into the agency's decision-making.

        ii.        <u>Plaintiff's Argument that USCIS Failed to Consider Material Evidence</u>

Second, Plaintiff argues that USCIS discounted material evidence of the prospective national impact of her firm, including Plaintiff's National Impact Study. ECF No. 18 at 9–11.[5] Far from raising procedural defects, these "arguments amount to a request that this Court re-

---

[5] Moreover, in Plaintiff's view, USCIS should not have disregarded her National Impact Study simply because it post-dates her initial filing of the I-140 petition and the denial of that petition. ECF No. 18 at 10–11; CAR at 0002. The Court does not find that argument persuasive, however, because regardless of the date of the filing, USCIS still determined that "the evidence provided [did] not possess such significance that it would likely change the result in the case." CAR at 0002.

weigh the evidence in [her] favor." *Masroor v. Noem*, No. cv-25-256, 2025 WL 2439176, at *3 (D.D.C. Aug. 25, 2025). The *Masroor* decision out of the District of Columbia is instructive. There, like here, the petitioner argued that "USCIS 'failed to engage' with important evidence, 'misunderst[ood]' his proposed business plan, and 'focused [too] narrowly' on unfavorable aspects of the record." *Id.* The district court characterized these assertions as "factual disagreements with a discretionary decision" that are "quintessentially unreviewable." *Id.* So too here.

      iii.  <u>Plaintiff's Argument that USCIS Failed to Properly Explain its Decision</u>

Plaintiff's third and final argument, that USCIS failed to properly explain its decision, fares no better. *See* ECF No. 18 at 2–3, 8, 12. Plaintiff asserts that "USCIS's decision offers only a conclusory statement that a waiver 'would not be beneficial,' without engaging the entrepreneur-specific aspects [of] *Dhanasar*." *Id.* at 12.

As discussed *supra*, *Dhanasar* does not limit the discretion afforded to USICS by statutory directive. And in its numerous communications with Plaintiff, USCIS was far from conclusory. First, USCIS laid out in great detail the evidence missing from Plaintiff's application and granted her another opportunity to present such evidence. *See* CAR at 0301–08. Next, USCIS denied Plaintiff's application, explaining, in detail, why it found that Plaintiff's evidence was insufficient to support her statements about the firm's prospective national impact. *See* CAR at 0143–48. Finally, USCIS entertained Plaintiff's request to reopen or reconsider its decision but denied that request, explaining why the new "evidence provided [did] not possess such significance that it would likely change the result in the case." CAR at 0002.

At bottom, Plaintiff disputes USCIS's stated reasons for denying her applications and calls on the Court to engage in a purely substantive inquiry. The Court declines the invitation.[6]

**CONCLUSION**

Because "Plaintiff[] cannot end-run [the INA's] jurisdictional bar by artfully framing a challenge to the agency's substantive decision as a procedural claim," Defendant's motion is GRANTED, Plaintiff's motion is DENIED, and the case is dismissed for lack of subject matter jurisdiction. *Nouritajer*, 18 F.4th at 89. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and to close this case.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
February 1, 2026

---

[6] To the extent Plaintiff raises arguments for the first time in her opposition brief, *see* ECF No. 21, the Court declines to address them. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). And the Court denies leave to amend because Plaintiff does not ask for it, and in any event, "it is clear from [P]laintiff's submissions that she cannot establish a basis for this Court's subject matter jurisdiction," so amendment would be futile. *Igartua v. Dep't of Homeless Servs.*, No. 15-cv-3806, 2015 WL 4656557, at *2 (E.D.N.Y. Aug. 5, 2015).